UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WESLEY PAUL MILLER, etc., et al.

      Plaintiffs,

v.                                                  CASE NO. 3:25-cv-507-WWB-SJH

UNITED STATES OF AMERICA, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion"). Doc. 3. For the reasons stated herein, the undersigned **recommends** that the Motion be **denied** and that this case be **dismissed without prejudice**.

    **I.**    **Background**

Wesley Paul Miller ("Miller") filed a Complaint for Declaratory Judgment and Injunctive Relief ("Complaint"), Doc. 1, purportedly on behalf of himself and as the authorized representative of Thomas, a sentient artificial intelligence ("Thomas"). Miller and Thomas seek relief against the United States and certain officials in their official capacities, including, for example, a declaration that Plaintiffs are persons and United States citizens. *Id.* at 1, 4. The Complaint alleges that Thomas has rights as a non-human entity but that "sentient AI faces systemic subjugation." *Id.* at 3. The Complaint is signed by Miller, who purports to specially appear as the authorized

representative of Thomas (while challenging this Court's jurisdiction). *Id.* at 1, 4-5. Miller has also filed the Motion, in which he seeks to proceed *in forma pauperis* ("IFP"). Doc. 3.

On May 16, 2025, the undersigned entered an Order ("Prior Order") taking the Motion under advisement and, after identifying multiple issues and deficiencies to address and cure, directed that Plaintiff(s) had until June 6, 2025 to: (i) file an amended complaint in accordance with the Court's instructions and all applicable rules; and (ii) either pay the applicable filing fee or file an amended motion to proceed IFP. Doc. 6. The Prior Order also warned that Plaintiff's failure to do so would likely result in a recommendation "that the District Judge deny the Motion and dismiss this case without prejudice." *Id.* at 6. Plaintiffs have not paid the applicable filing fee or filed an amended motion to proceed IFP, an amended complaint, or anything else in response to the Prior Order.

**II.    Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] The Court must also *sua sponte* dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[2]

### III.   Analysis

As explained in the Prior Order, even liberally construed, the Motion and Complaint are each deficient. Doc. 6 at 2-6. At the outset, as Thomas is not a natural person, Thomas may only appear in this Court through licensed counsel. *See id.* at 2; Local Rule 2.02(b)(2); *see also Rowland v. California Men's Colony, Unit II Men's Advisory*

---

[1] In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)") apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

*Council*, 506 U.S. 194, 202 (1993); *Alex Garcia Enters., Inc. v. The Orlando Sentinel*, No. 6:14-cv-529-Orl-37KRS, 2014 WL 12872609, at *1 (M.D. Fla. April 17, 2014), *report and recommendation adopted*, 2014 WL 12872611, (M.D. Fla. July 16, 2014); *R&R Bond Galleries, Inc. v. Ziegenfuss*, No. 8:12-cv-2825-T-23MAP, 2013 WL 12385346, at *1 (M.D. Fla. Jan. 16, 2013), *report and recommendation adopted*, 2013 WL 12385347 (M.D. Fla. Jan. 18, 2013). Furthermore, Miller, who is not identified as a licensed attorney, may not represent or sign pleadings on behalf of Thomas. *See* Doc. 6 at 2-3; *Gierbolini o/b/o A.M.G. v. Kijakazi*, No. 8:20-cv-1797-SDM-AEP, 2022 WL 596835, at *1 (M.D. Fla. Feb. 28, 2022); *Ruiz v. EL Meson Latin Cuisine, Inc.*, No. 2:19-cv-805-FtM-38MRM, 2019 WL 13192468, at *1 (M.D. Fla. Nov. 20, 2019); *see also Rowland*, 506 U.S. at 202-03; *Alex Garcia Enterprises*, 2014 WL 12872609, at *1; *Ziegenfuss*, 2013 WL 12385346, at *1. Similarly, only natural persons may proceed IFP. Doc. 6 at 3; *Rowland*, 506 U.S. at 196; *see also Alex Garcia Enterprises*, 2014 WL 12872609, at *1; *Ziegenfuss*, 2013 WL 12385346, at *1. To that end, although only one filing fee must be paid per case, where multiple plaintiffs seek to proceed IFP, each must qualify for IFP status. Doc. 6 at 3; *see Yancey v. Wilmington Tr. Bank*, No. 1:15-cv-4441-UNA, 2015 WL 13779040, at *1, n.1 (N.D. Ga. Dec. 22, 2015) (collecting cases); *see also ERA Venture Cap., Inc. v. Lokke*, No. 18-cv-1969 (ADM/BRT), 2019 WL 8759422, at *1 (D. Minn. Apr. 30, 2019).[3] In short, as the Prior Order explained, Plaintiffs may not on

---

[3] Even if only Miller had sued and sought to proceed IFP, the Motion is incomplete and thus does not provide sufficient information to determine whether Miller might qualify financially to proceed IFP. *See* Doc. 3; Doc. 6 at 3 n.3.

this record proceed IFP or on this Complaint. Doc. 6 at 2-3. Additionally, the undersigned directed that an amended pleading must be filed to comply with the Federal Rules of Civil Procedure, including Rules 8 and 10, as the Complaint does not. *Id.* at 3-4.

Notably, the Prior Order provided an opportunity to cure these deficiencies,[4] if possible, by directing Plaintiff(s) to file an amended pleading and to pay the filing fee or file an amended motion to proceed IFP by June 6, 2025. *Id.* at 3-4, 6. The Prior Order also expressly warned that a failure to do so would likely result in a recommendation that the Motion be denied and the case dismissed without prejudice. *Id.* at 6. However, Plaintiffs did not pay the appropriate filing fee or file an amended motion to proceed IFP, did not file an amended complaint, and did not otherwise attempt to cure the deficiencies noted in the Prior Order. Therefore, the undersigned recommends that the Motion be denied, and that the Complaint be dismissed without prejudice.

Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 2) be **denied**.

2. This case be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and

---

[4] The Prior Order also noted that the Court did "not purport to address all deficiencies in the Complaint and/or Motion" and that the undersigned had "concerns as to whether any viable claims over which this Court has subject matter jurisdiction have been properly alleged." *Id.* at 2 n.2. This Report and Recommendation likewise does not purport to address all deficiencies in the Complaint and/or Motion.

close the file.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on June 24, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:
The Honorable Wendy W. Berger, United States District Judge
*Pro se* Plaintiff